IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CDC BUILDERS, INC., a Florida
corporation

    Plaintiff,                    CASE NO.:

v.

AMERISURE MUTUAL INSURANCE
COMPANY,

    Defendant.

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

CDC Builders, Inc. ("CDC") through counsel, files this, its Complaint for Damages and Declaratory Relief, against Amerisure Mutual Insurance Company ("Amerisure"), and states:

1. This is a cause of action for damages and also for declaratory relief pursuant to 28 U.S.C. §2201.

2. Jurisdiction is proper pursuant to 28 U.S.C. §§1332 and 1367 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

3. Venue is proper in Miami-Dade County, Florida as it is where the plaintiff's primary place of business is located and is where the causes of action contained herein arose.

4.   CDC is a Florida Corporation, with its principal place of business in Miami Dade County, Florida.

5.   Amerisure is a Michigan Corporation, with its principal place of business in Michigan, but authorized to conduct business, and conducting business, in Florida.

**Background**

6.   CDC is a General Contractor which is experienced in the construction of high end residential single family homes and condominiums.

7.   CDC entered an agreement with Ponce Riviera, LLC to serve as the General Contractor for the construction of the Bermuda Village Condominiums ("Bermuda Village") in Coral Gables, Florida.

8.   The construction began at the end of 2004.

9.   The final Certificate of Occupancy was issued in January, 2008.

10.   During the course of construction, CDC was insured by Amerisure.

11.   Amerisure issued a Commercial General Liability ("CGL") policy, policy number GL2013285020005 to CDC for the period September 6, 2005 through September 6, 2006 (the "2005 Policy"). A copy of the 2005 Policy is attached hereto as **Exhibit "A"**.

12.   Amerisure issued a Commercial General Liability ("CGL") policy, policy number GL2013285030006 to CDC for the period September 6, 2006 through September 6, 2007 (the "2006 Policy"). A copy of the 2006 Policy is attached hereto as **Exhibit "B"**.

13.   Amerisure issued a Commercial General Liability ("CGL") policy, policy number GL2013285040007 to CDC for the period September 6, 2007 through September

6, 2008 (the "2007 Policy"). A copy of the 2007 Policy is attached hereto as **Exhibit "C"**.

14. Amerisure issued a Commercial General Liability ("CGL") policy, policy number GL2013285050008 to CDC for the period September 6, 2008 through September 6, 2009 (the "2008 Policy"). A copy of the 2008 Policy is attached hereto as **Exhibit "D"**. (The 2006 Policy, 2007 Policy and 2008 Policy are collectively referred to as "the Policies")

15. In 2009, a number of condominium owners from the Bermuda Village notified CDC that the condominium owners believed there was "Chinese Drywall" in their homes.

16. CDC promptly provided notice to Amerisure of the condominium owners' claim.

17. Thereafter, a lawsuit was filed by a number of unit owners, in the Miami Dade Circuit Court, Case No. 09-56362CA13 (the "Mackle Litigation").

18. CDC provided notice and made a claim to Amerisure for the Mackle litigation. (the "Mackle claim")

19. In the Mackle litigation, the Plaintiffs assert that defective gypsum drywall was installed in each of Plaintiffs' respective units.

20. The Mackle Plaintiffs further assert that the drywall contains and emits toxins, including sulphur and sulphur compounds such as carbon disulfide, carbonyl sulfide and hydrogen sulfide, which damage homes, fixtures attached thereto, and personal property contained therein by: (a) eroding and/or tarnishing various metals within the units, including plumbing and interior electrical wiring; (b) disrupting and/or

interfering with the operation of electric and electronic equipment and appliances; (c) creating a noxious rotten egg like odor that renders the homes uninhabitable.

21. In response to the notices and lawsuit, Amerisure issued a "reservation of rights" letter to CDC.

22. Thereafter, Amerisure sent CDC correspondence dated October 9, 2009, indicating that no coverage would be provided for the Mackle Litigation or Claim. A copy of the correspondence is attached as **Exhibit "E"**.[1]

23. The Policies obligate Amerisure to pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the Policies apply. Furthermore, pursuant to the terms of the Policies Amerisure has the duty to defend CDC against any suit seeking those sums.

24. The policies provide that they apply only to "bodily injury" or "property damage if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" during the policy period.

25. The Mackle claimants seek sums from CDC as damages because of "bodily injury" and or "property damage" which CDC may become obligated to pay as a result of the Mackle litigation.

26. Three other cases premised upon substantially similar factual allegations and legal theories have been filed against CDC in the Miami Dade County Circuit Court. (the "Bagley case", the "Deutsch case" and the "Solabella case").

---

[1] Notably, the denial letter contains a different policy number. However, the undersigned believes that it was simply an oversight on the part of the author of the denial letter as the policy period, relevant forms, endorsements and policy provisions appear to coincide.

27. CDC has made a claim to Amerisure for the Bagley case. (the "Bagley claim")

28. CDC has made a claim to Amerisure for the Deutsch case. (the "Deutsch claim")

29. CDC has made a claim to Amerisure for the Solabella case. (the "Solabella claim")

30. Amerisure has denied coverage for the Bagley claim, the Deutsch claim and the Solabella claim. Copies of the denial letters are attached as **Exhibits "F", "G" and "H"** respectively.

31. Each of the Plaintiffs in the four cases cited above (Mackle, Bagley, Deutsch and Solabella) have also joined the "Chinese Drywall Multi-District Litigation" which has been filed in the United States District Court for the Eastern District of Louisiana.

32. The Chinese Drywall Multi-District Litigation ("MDL case") is premised upon substantially similar factual allegations and legal theories as the Mackle, Bagley, Deutsch and Solabella cases. (the MDL case, Mackle case, Bagley case, Deutsch case and Solabella case are hereinafter collectively referred to as the "Chinese Drywall Cases")

33. CDC has made a claim to Amerisure for the MDL case. (the "MDL claim")

34. Amerisure has issued a reservation of rights letter in response to CDC's submission of the MDL claim, and has refused to provide a defense. A copy of the Reservation of Rights Letter is attached hereto as **Exhibit "I"**.

## COUNT I – DECLARATORY JUDGMENT

35.  CDC reasserts and realleges those allegations set forth in paragraphs one through thirty three of this Complaint as if fully set forth herein.

36.  This is a cause of action for declaratory relief pursuant to 28 U.S.C. §2201.

37.  The Policies obligate Amerisure to provide defense and indemnification for the Chinese Drywall Cases.

38.  Amerisure has denied CDC the right to indemnification or defense pursuant to the Policies as to the Chinese Drywall Cases.[2]

39.  CDC believes that it is entitled to indemnification and a defense pursuant to the Policies as to the Chinese Drywall Claims.

40.  There is a present dispute, as CDC believes that it is entitled to indemnification and a defense pursuant to the Policies as to the Chinese Drywall Claims, while Amerisure has taken the position that CDC is not so entitled.

41.  There is a bona fide need for resolution of the controversy concerning whether Amerisure is obligated to provide a defense or indemnification for the Chinese Drywall Cases, pursuant to the terms of one or all of the Policies.

42.  CDC is entitled to have this Honorable Court declare whether it is entitled to a defense or indemnification for the Chinese Drywall Cases, pursuant to the terms of one or all of the Policies.

---

[2] Amerisure has not yet issued a denial letter for the MDL claim, but it has not provided a defense or confirmed CDC's right to indemnification.

SIEGFRIED, RIVERA, LERNER, DE LA TORRE & SOBEL, P.A., ATTORNEYS AT LAW
201 ALHAMBRA CIRCLE, SUITE 1102, CORAL GABLES, FLORIDA 33134-5108 • 305-442-3334 • FAX 305-443-3292

Case 1:10-cv-21787-ASG   Document 1   Entered on FLSD Docket 05/24/2010   Page 7 of 8
CDC Builders, Inc. v. Amerisure
Case No.:
Page 7 of 8

WHEREFORE, CDC Builders, Inc. respectfully requests that this Honorable Court enter a judgment declaring the rights and obligations of Amerisure and CDC under each of the Policies and that CDC be awarded its attorney fees pursuant to Fla. Stat. §627.428, and costs, and all other relief this Honorable Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

43.     CDC reasserts and realleges those allegations set forth in paragraphs one through thirty three of this Complaint as if fully set forth herein.

44.     Each of the Policies is a contract which obligates Amerisure to provide indemnification to CDC for those sums it becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which one or all of the Policies applied. Furthermore, each of the Policies is a contract which obligates Amerisure to defend CDC against any suit seeking those sums.

45.     Amerisure has unequivocally denied CDC'S right to a defense or indemnification for the Mackle case, Bagley case, Deutsch case and Solabella case. By doing so, Amerisure has breached one or more of the Policies.

46.     Amerisure has not provided CDC a defense for the MDL case. By doing so its has breached one or more of the Policies.

47.     CDC has been damaged by Amerisure's breach and will continue to suffer damages through the course of the Chinese Drywall Cases.

WHEREFORE, CDC Builders, Inc. demands judgment for damages against Amerisure Mutual Insurance Company, including attorney's fees pursuant to Fla. Stat. §627.428, interest and costs, that Amerisure provide CDC defense and indemnification

SIEGFRIED, RIVERA, LERNER, DE LA TORRE & SOBEL, P.A., ATTORNEYS AT LAW
201 ALHAMBRA CIRCLE, SUITE 1102, CORAL GABLES, FLORIDA 33134-5108 • 305-442-3334 • FAX 305-443-3292

for the Chinese Drywall Claim and all other relief this Honorable Court deems just and proper.

Dated: May 24, 2010

>Respectfully submitted,
>
>SIEGFRIED, RIVERA, LERNER,
>DE LA TORRE & SOBEL, P.A.
>Attorneys for Plaintiff
>201 Alhambra Circle, Suite 1102
>Coral Gables, Florida 33134
>Phone: (305) 442-3334
>Fax: (305) 443-3292
>Email: mclark@siegfriedlaw.com
>
>By: /s/ B. Michael Clark, Jr.
>    Michael J. Kurzman, Esq.
>    Florida Bar Number: 814342
>    B. Michael Clark, Jr., Esq.
>    Florida Bar Number: 31797