IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CDC BUILDERS, INC., a Florida corporation, )
)
    Plaintiff, )
)
v. )  CASE NO.: 1:10-cv-21678-ASG
)
AMERISURE MUTUAL INSURANCE COMPANY, )
)
    Defendant. )
)

## CDC's RESPONSE TO AMERISURE'S MOTION TO DISMISS

Plaintiff, CDC Builders, Inc., through counsel, responds to Defendant, Amerisure Mutual Insurance Company's ("Amerisure") Motion to Dismiss ("Motion"), and states:

## OVERVIEW AND SUMMARY OF ARGUMENT

This is an action for breach of contract and declaratory relief, brought by CDC, a general contractor, against Amerisure, its insurer. The claims relate to Amerisure's denial of defense or indemnification related to four lawsuits filed against CDC. The underlying lawsuits generally allege that CDC is liable to individual condominium owners due to the alleged installation of defective "Chinese Drywall" in the individual condominium owners' units. CDC made a demand against Amerisure (its insurer), and Amerisure denied coverage. This lawsuit followed.

Amerisure has moved to dismiss CDC's Complaint on two grounds. First, Amerisure alleges that CDC's Complaint is defective based upon CDC's failure to attach the underlying complaints. Second, Amerisure alleges that CDC's Complaint is subject to dismissal based upon CDC failing to name the underlying Plaintiffs as Parties. It is respectfully submitted that both arguments fail.

CDC is not required to attach the Underlying Complaints, pursuant to the Federal Rules of Civil Procedure.  Furthermore, CDC did not sue, and has no interest in suing, the underlying Plaintiffs because (1) they are not parties to the insurance policies; and (2) their inclusion would create needless expense and inefficiencies.  The relief CDC seeks is only from Amerisure, and thus, Amerisure's Motion should be denied.

## PROCEDURAL BACKGROUND

### The Complaint

On May 24, 2010, CDC filed a two-count Complaint against Amerisure.  Count I of the Complaint seeks a declaration from the Court that CDC is entitled to both defense and potentially indemnity for the underlying Complaints.  Count II of the Complaint seeks damages based upon Amerisure's denial of defense and indemnity.

### The Motion to Dismiss

In response to the Complaint, Amerisure filed a Motion to Dismiss (the "Motion").  Amerisure contends in its Motion that CDC's Complaint is subject to dismissal based upon CDC's failure to attach the underlying Complaints.   Amerisure also contends that CDC's Complaint is subject to dismissal based upon CDC failing to name the underlying Plaintiffs as Parties.

## MEMORANDUM OF LAW

I.    **FAILURE TO JOIN NECESSARY PARTY**

A.    **The Legal Standard for "Necessary" Parties**

In general, a plaintiff is free to determine what parties it wishes to sue.  However, in certain limited circumstances, the interests of fairness and judicial economy may require that a court interfere with the plaintiff's right to control the litigation.  *See Lopez v. Martin Luther*

*King, Jr. Hospital,* 97 F.R.D. 24, 28 (C.D. Calif. 1983) ("Compulsory joinder is the exception to the otherwise general policy of allowing the plaintiff to decide who shall be parties to the lawsuit."). Thus, the Federal Rules recognize "that the plaintiff's decision regarding joinder should, in the interest of fairness and judicial economy, be subject to some review by the Court and the other parties." *Id.*

### 1.   The Rule

Rule 19, Federal Rules of Civil Procedure, sets forth the test to determine when a party must be joined in an action, and also when, in the absence of such party, the matter should be dismissed (and the party is deemed to be "indispensable"). In the Motion, Amerisure suggests that the underlying Plaintiffs are essential, but that their joinder would likely divest this Court of jurisdiction. Consequently, Amerisure suggests that this action be dismissed.

Rule 19 provides, in pertinent part:

(a)   A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

(b)   If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

        (A) protective provisions in the judgment;

        (B) shaping the relief; or

        (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Rule 19(a) and (b), Fed.R.Civ.P.

Rule 19(a) mandates that the court go through a multi-step analysis. First, the court must determine whether *complete relief* can be granted in the person's absence. If not, the person must be joined, if feasible. If complete relief can be granted without the joinder of the absent person, the court must then determine whether the absent person claims an *interest* in the suit and, if so, whether, as a practical matter, that interest will be *impaired or impeded* by the suit or whether the failure to join the absent party would subject any of the current parties to a substantial risk of incurring *double or inconsistent obligations*.

## 2. The Test for "Complete Relief": Rule 19(a)(1)

The first part of the analysis is a determination of whether complete relief can be accorded to the parties to the action in the absence of the unjoined party. Rule 19(a)(1), Fed.R.Civ.P. "A Rule 19(a)(1) inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action. The effect a decision may have on the absent party is not material." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3rd Cir. 1993). Thus, the inquiry is limited to whether complete relief is available among those already parties, not between the parties and the absent person whose joinder is sought. *U.S. v. Nye County, Nevada*, 951 F.Supp. 1502, 1513 (D. Nev. 1996).

### 3.     The Test for "Legally Protected Interest":  Rule 19(a)(2)

The "interest" required under Rule 19(a)(2) must be more than merely a financial interest or an interest for convenience. *Nye*, 951 F.Supp. at 1512.  The absent party must have a "legally protected interest" in order to satisfy Rule 19(a)(2).  *Id.*; *Special Jet Services, Inc. v. Federal Insurance Company*, 83 F.R.D. 596, 599 (W.D. Pa. 1979).

### 4.     The Test for "Impairment of Interest":  Rule 19(a)(2)(i)

Rule 19(a)(2)(i), Fed.R.Civ.P., requires that the district court decide whether determination of the rights of the parties before it would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation.  The fact that the court's decision may constitute a "persuasive precedent" or *stare decisis* in a later lawsuit between a party and the absent party is not sufficient to constitute an impairment of interest under the Rule. *Janney Montgomery*, 11 F.3d at 407 ("To the extent it involves the doctrine of *stare decisis*, we are not inclined to hold that any potential effect the doctrine may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever 'feasible.'  Such a holding would greatly expand the class of 'necessary' or compulsory parties Rule 19(a) creates."); *see also Drankwater v. Miller*, 830 F.Supp. 188, 193 (S.D.N.Y. 1993).

Rather, in order to satisfy the "impairment of interest" portion of the Rule 19 test, the moving party must show that the elements of collateral estoppel are present, such that a ruling in the subject action could preclude the absent party from litigating the same issues in a future lawsuit.  However, as decided by the Third Circuit:

> Mere presentation of an argument that issue preclusion is possible is not enough to trigger Rule 19(a)(2)(i).  Rather, it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments.

*Id.* at 409. A simple unsupported assertion of the possibility of issue preclusion is not sufficient. *Id.* at 410 ("We will not theorize in determining necessary party status about the potential preclusive effect of this action on a later lawsuit as this would be premature."), citing *Johnson & Johnson v. Coopervision, Inc.*, 720 F.Supp. 1116, 1124 (D.Del. 1989) ("It would be premature for this Court to endeavor to decide whether Iolab and Johnson & Johnson are in privity in bringing the instant action, for purposes of determining preclusive effect of this action on a later lawsuit, where the potential later lawsuit is yet to be brought, and where the instant action has not even run its course yet.").

### 5.   The Test for Substantial Risk of "Inconsistent Results": Rule 19(a)(2)(ii)

The final portion of the Rule 19 test to determine whether a party is necessary requires the Court to consider whether, in the absence of the entity, there is a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P 19(a)(2)(ii). Essentially, the focus of the Court's inquiry is into whether, in the event that the absent party institutes litigation in another forum to determine the same or similar rights as the instant litigation, there is a risk that the courts hearing the matters may arrive at inconsistent results.

### B.   THE UNDERLYING PLAINTIFFS ARE NOT NECESSARY PARTIES UNDER RULE 19

#### 1.   Complete Relief Can Be Accorded Absent the Underlying Plaintiffs

Clearly, this matter can proceed without the inclusion of the Underlying Plaintiffs, and the Court may accord complete relief among those already parties to this action. As discussed above, CDC seeks a declaration that Amerisure must provide CDC with indemnification and a defense pursuant to the terms of the insurance policies, to which only CDC and Amerisure are

parties, and damages which resulted from Amerisure's denial of indemnification and a defense, which have only been suffered by CDC.

Indeed the gravamen of the Complaint is Amerisure's contractual responsibilities to CDC pursuant to the terms of the insurance policies at issue. Admittedly, the underlying Plaintiffs are related to the Complaint, but only so far as Amerisure's obligations are controlled by the allegations of the underlying Complaints and outcomes of the underlying litigation.

Therefore, the Court can grant complete relief without the need to include the underlying Plaintiffs.

### 2. The Underlying Plaintiffs Do Not Have A Legally Protected Interest In The Subject Matter Of This Litigation.

The only parties with a legally protected interest in the insurance contract and action for declaratory relief are Amerisure and CDC Builders. While the Underlying Plaintiffs certainly have a financial interest in the action for declaratory relief, it is not a legally protected interest. *See Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.* 425 F.3d 1308, 1311 (11th Cir. (Fla.),2005) (Injured Parties do not have a legally protected interest justifying intervention in an action for declaratory relief between Insurer and Insured).

> In this case, Rigaud's interest in the subject matter of the declaratory action is purely economic. Rigaud is not a party to the Mt. Hawley insurance policy and has no legally protectable interest in that insurance policy. Rigaud fails to cite any legally protectable interest and states only that there will be less money available from which he can recover his wrongful death damages if Mt. Hawley is released from defending and providing coverage to Muria International and Sandy Lake Properties. Further, Rigaud's interest is purely speculative because it is contingent upon his prevailing against Muria International and Sandy Lake Properties in the wrongful death action.

> *Id.*

Admittedly, the instant Motion does not involve intervention, under Rule 24, but rather joinder of an indispensable party under Rule 19(a). However, one Southern District Court has recently stated, "Although the Eleventh Circuit has not defined the interest required by Rule 19(a)(2), it has defined it under Rule 24(a)(2), which deals with Intervention of Right. The language in the two Rules is almost identical, and their requirements have been interpreted in an identical fashion." *Mid-Continent Cas. Co. v. Basdeo*, 2009 WL 2450386, 3 (S.D.Fla. 2009) *citing Cascade Natural Gas Corp. v. El Paso Natural Gas*, 386 U.S. 129, 134 n. 3, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967).

The *Basdeo* decision dealt with a motion to dismiss for failure to join an indispensable party, and was premised upon the *Mt. Hawley* Court, as discussed above:

> Applying Rule 24(a)(2)'s definition of interest, a joinder under Rule 19(a)(2) is required only when the non-parties have a "direct, substantial and legally protectable" interest in the subject matter. *Georgia v. United States Army Corps of Enq'rs*, 302 F.3d 1242, 1249 (11th Cir.2002) (construing Rule 24); see also Richard D. Freer, 4-19 Moore's Federal Practice-Civil § 19.03(3)(b) (2009). This legally protected interest is defined as "something more than an economic interest." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir.2005) (quotation omitted). It is "one which the substantive law recognizes as belonging to or being owned by the applicant." Id. In sum, a legally protectable interest is an interest that derives from a legal right, and the Eleventh Circuit has in no uncertain terms excluded from this definition "purely economic" interests. Id. (footnote omitted).

> Here, the non-party unit owners' interest is not legally protectable because it derives from a purely speculative outcome in the state action still pending, not the insurance policy at issue here. In the state action, the putative class seeks damages from, among others, First State. In this action, Mid-Continent seeks a declaratory judgment that it will not be liable to them in the event they succeed. The non-parties to this action are not parties to the insurance policy between Mid-Continent and First State, and have no legally protectable interest in it. As in Mt. Hawley, the non-parties would not be entitled to intervene to secure a judgment against a financially viable company to compensate them. *See Mt. Hawley*, 425 F.3d at 1311. For the same reason, they are not required to be joined. A purely economic interest in recovering funds might be sufficient to get past the threshold condition of Rule 19(a)(2), but not where, as here, the interest is still contingent

upon obtaining a judgment against the insured. *See Am. Guarantee & Liab. Ins. Co. v. Estime-Thompson, P.A.*, Case No. 08-21626-CIV-Ungaro (S.D.Fla.), DE 56, p. 8 (Mandate of the Eleventh Circuit) (affirming district court's denial of third party beneficiaries to an insurance policy's motion to intervene as of right) (Court of Appeals Case No. 08-15941) (Jun. 10, 2009). Because the unit owners' interests are contingent upon prevailing against First State in the pending state action, they are purely speculative, exactly as in *Mt. Hawley*, 425 F.3d at 1311-12. **Following the analysis interpreting "interest" in Mt. Hawley, the Court concludes that the non-party unit owners do not have a sufficient interest in this action to qualify them as either necessary or indispensable parties.** (emphasis added)

*Mid-Continent Cas. Co. v. Basdeo*, 2009 WL 2450386, 3 (S.D.Fla. 2009)

Similarly, this Court should follow the 11th Circuit's opinion in *Mt. Hawley* and deny the Motion to Dismiss, as the Underlying Plaintiffs, without a "direct, substantial and legally protectable interest" are not indispensable parties who must be joined pursuant to Fed. R. Civ. P. 19. *Id. citing Georgia v. United States Army Corps of Enq'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002). Consequently, Amerisure's Motion should be Denied.[1]

**C.    The Cases which Amerisure posits in support of its Motion to Dismiss are readily distinguishable, embellished or otherwise inapplicable.**

Amerisure sets forth a number of cases in an attempt to sway this Court to grant its Motion.    However, those cases are readily distinguishable, embellished or otherwise inapplicable.

**1.    Britamco Underwriters is embellished in an attempt to sway this Court.**

---

[1] Apparently, Amerisure's Motion is ultimately designed to divest this Honorable Court of its diversity jurisdiction pursuant to 28 U.S.C. 1332. However, even if CDC were required to join the Underlying Plaintiffs, this Honorable Court would have to "realign" the Parties according to their interests for purposes of its diversity analysis, which would dictate that diversity be maintained as a matter of law. *See La Shangrila Inc. v. Hermitage Ins. Co.*, 2007 WL 2330912 (M.D.Fla. 2007)

Amerisure cites *Britamco Underwriters, Inc. v. Central Jersey Invs.,* 632 So.2d 138, 141

(Fla. 4th DCA 1994) as follows:

> (stating that because "prompt determination of coverage potentially
> benefits the insured, the insurer and the insured party", an injured party's
> presence is **required** in a declaratory judgment action seeking clarification
> of rights under insurance policies.)(emphasis added).

*See Motion* at p. 6-7.   Importantly, the emphasis added by Amerisure, is to its own logic,

as the direct quotation ended at the word "party".   Indeed, the *Britamco* Court does not hold that

an injured party's presence is required.   Amerisure's representation that it did is simply an

attempt to sway this Court, wholly unsupported by the cited authority.

## 2.  Amerisure's attempts to support its Motion to Dismiss with cases whereby the Court is asked to make determinations of fact are readily distinguishable and should not sway this Court.

Amerisure attempts to support its Motion to Dismiss with cases whereby the Court was

required to make complex factual determinations, which dictated that the underlying injured

parties be added.   *See Motion* at p. 7 *citing Allstate Ins. Co. v. Conde*, 595 So.2d 1005, 1008 (Fla.

5th Dist. 1992) (victims essential to declaratory judgment action where determination as to

whether shooting was intentional or negligent would be determinative of duty to defend); *State*

*Farm and Cas. Co. v. Higgins,* 788 So.2d 992, 1004 (Fla. 4th Dist. 2001) (finding that an injured

party plaintiff should be made a party to an action for declaratory relief when the factual

determination of whether the injurious act was negligent or intentional could later be binding

upon the injured party).

> Indeed this distinction was recently recognized by another Southern District Court.
>
> In Higgins, the Supreme Court of Florida discussed whether an indemnity
> coverage issue may be tried prior to an underlying tort action.   See 894 So.2d at 9-
> 18.   The Morses argue that, within the context of that discussion, the Florida
> Supreme Court established a right of intervention for claimant-plaintiffs by stating

that "an insurer could properly bring a declaratory action to determine both the duty to defend and duty to indemnify prior to a determination of the insured's liability in the underlying tort action so long as the injured plaintiff also was made a party to the declaratory action." *See Higgins*, 894 So.2d at 9 (*quoting State Farm Fire & Cas. Co. v. Higgins*, 788 So.2d 992, 1003-04 (Fla. 4th DCA 2001)). **Placed in context, however, this quotation concerns declaratory judgment and underlying torts cases with common questions of fact, which could produce invocations of collateral estoppel or res judicata.** *See State Farm Fire & Cas. Co.*, 788 So.2d at 1003-04. That is irrelevant to this adversary proceeding, where the issue of whether the Debtor made material misrepresentations on its application for the Policies has nothing to do with the issues raised in the Morses' state court claim for malpractice. (emphasis added).

*In re Rothstein, Rosenfeldt Adler, P.A.* 2010 WL 1740706, 2 (Bkrtcy. S.D.Fla.) (Bkrtcy.S.D.Fla. 2010).

Amerisure concedes in its Motion at p. 4 that this case presents a purely legal question. Consequently, *Higgins* and *Conde* have no application and do not provide a basis to grant Amerisure's Motion.

### 3. *Emerald Star Casino & Resorts, Inc.* involved permissive joinder and is inapplicable.

Finally, *Emerald Star Casino* is put forth by Amerisure to support its Motion. However, the cited portions of *Emerald Star Casino* speak in terms of permissive joinder. ("All persons may be made parties" *Motion* at p. 8 and "inclusion is permissible" *Id.*) CDC does not dispute that it could have included the Underlying Plaintiffs. However, it is not required to do so. Its failure to name the Underlying Plaintiffs is not grounds for dismissal and Amerisure's Motion should be Denied.

## II.   CDC WAS NOT REQUIRED TO ATTACH THE UNDERLYING COMPLAINTS

Amerisure's Motion to Dismiss is alternatively premised upon CDC's failure to attach the Underlying Complaints to the instant Complaint. Although Fla. R. Civ. P. 1.130 would require the attachment of the Underlying Complaints, there is no corresponding Federal Requirement.

Case 1:10-cv-21678-ASG  Document 23  Entered on FLSD Docket 08/26/2010  Page 12 of 14
CDC Builders, Inc. v. Amerisure Mutual
CASE NO.: 1:10-cv-21678-ASG
Response to Motion to Dismiss
Page 12 of 14

A reading of the plain language of Fed.R.Civ.P. 10(c) indicates that written instruments are not required to be attached to a party's pleading. Moreover, case law similarly concludes that "the failure of [a] plaintiff[ ] to attach to their complaint a copy of the contract sued upon is not ground for dismissal of the complaint, since attachment of a contract sued upon is permissive, and not mandatory." *Ryan v. Glenn*, 52 F.R.D. 185, 191 (N.D.Miss.1971); *Maryland Cas. Co. v. Kelly*, 3 F.R.D. 28 (E.D.Pa.1943); *see also* Wright & Miller 5 *Federal Practice and Procedure* section 1327.

*United States v. Vernon*, 108 F.R.D. 741 (S.D. Fla. 1986) (denying motion to dismiss premised upon failing to attach all relevant portions of mortgage); *see also* Fedex *Customer Information Services, Inc. v. Atrade Forwarding Corp.* 2010 WL 1727462, 2 (S.D.Fla. 2010) ("Written instruments are not required to be attached to a Parties pleading.")

Notably, Amerisure has cited no authority requiring the attachment of the underlying documents, assumedly because they have found no authority, as there is no such requirement. Amerisure's Motion to Dismiss premised upon CDC failing to attach the underlying Complaints should be denied.

## CONCLUSION

Amerisure has failed to show how the Complaint implicates a sufficient interest on the part of the Underlying Plaintiffs that would justify forcing CDC, against its will, to sue any of them. Furthermore, there is no authority which supports Amerisure's contention that CDC was required to attach the Underlying Complaints. Respectfully, the Motion should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

> SIEGFRIED, RIVERA, LERNER,
> DE LA TORRE & SOBEL, P.A.
> *Attorneys for Plaintiff, CDC Builders, Inc.*
> 201 Alhambra Circle
> Suite 1102
> Miami, FL 33134
> Telephone: (305) 442-3334
> Fax: (305) 443-3292
> E-mail: mclark@siegrfriedlaw.com
>
> By: s/ B. MICHAEL CLARK, JR.
>     Fla. Bar № 31797

## CDC BUILDERS, INC. v. AMERISURE MUTUAL INSURANCE COMPANY
### Case Number: 1:10-cv-21678-ASG
### United States District Court, Southern District of Florida

### S E R V I C E   L I S T

Josh Levy, Esq.
jlevy@josephsjack.com
Josephs Jack
Post Office Box 330519
Miami, Florida 33233-0519
Telephone: (305) 445-3800
Fax: (305) 448-5800
*Attorneys for Defendant, Amerisure Mutual*

Michael J. Kurzman, Esq.
mkurzman@siegfriedlaw.com
Siegrfried, Rivera, Lerner,
De la Torre & Sobel, P.A.
201 Alhambra Circle
Suite 1102
Miami, FL 33134
Telephone: (305) 442-3334
Fax: (305) 443-3292
*Attorneys for Plaintiff, CDC Builders, Inc.*

B. Michael Clark, Jr., Esq.
mclark@siegrfriedlaw.com
Siegrfried, Rivera, Lerner,
De la Torre & Sobel, P.A.
201 Alhambra Circle
Suite 1102
Miami, FL 33134
Telephone: (305) 442-3334
Fax: (305) 443-3292
*Attorneys for Plaintiff, CDC Builders, Inc.*