UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

| | |
|---|---|
| CDC BUILDERS, INC., a Florida corporation, | ) |
| | ) Case No.: 10-cv-21678-ASG |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| AMERISURE MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### DEFENDANT'S SUPPLMENTAL REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Defendant, AMERISURE MUTUAL INSURANCE COMPANY (herein "Amerisure"), by and through undersigned counsel, and pursuant to this Court's request, hereby files its supplemental reply brief in support of its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(7) and 19. In further support of its motion, Amerisure states as follows:

This Circuit has continuously held that in a declaratory judgment action between an insurer and its insured, the underlying tort plaintiffs are required parties to that action, and in cases where including the underlying plaintiffs would destroy diversity jurisdiction, those parties become indispensable under Fed. R. Civ. P. 19, warranting dismissal of the action. *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1974) (the underlying claimants were indispensable to the action because, in their absence, the "claimants' interests would be prejudiced."). In fact, *Ranger* has been cited as recently as October of this year as the governing law in this Circuit, and thus, controls the disposition of this issue. *See Colony Nat'l Ins. Co. v. The Teaford Co. Inc.*, 2:10-CV-0028, 2010 U.S. Dist. Lexis 114152 at *7 (N.D. Ga. October 26, 2010).

1

In accordance with *Ranger* and its progeny[1], Amerisure has moved to dismiss CDC Builders, Inc.'s (herein "CDC") complaint on this settled issue. Because CDC is currently seeking to resolve the parties' insurance coverage dispute in the context of the underlying lawsuits,[2] it was required to include the underlying plaintiffs. In failing to do so, *stare decisis* warrants dismissing CDC's complaint.

*Ranger* recognized the prejudice to be suffered in proceeding without underlying plaintiffs in a coverage dispute. There, the Fifth Circuit held that in a coverage dispute between the insurer and the insured, it was "nonsensical to suggest that a declaration [without the underlying plaintiffs], in this Court, of liability or non-liability will have no practical effect upon the claimants, given the possibility (now an actuality), of their obtaining a judgment against the insureds." *Ranger*, 488 F.2d at 683. After noting that although the district court could have conceivably shaped the relief to avoid prejudice, it would not likely avoid the prejudice since "either a judgment might prejudice the [underlying plaintiffs], violating the first Rule 19(b) factor, or it would not be adequate to finally resolve the issue, violating the third Rule 19(b) factor." *Id*. at 684. As its sole basis to distinguish *Ranger*, CDC argues that no judgment has been entered against it. Such a position is unavailing; *Ranger* did not limit its reasoning to circumstances where a judgment had already been entered against the insured. Rather, that court discussed the "possibility" of underlying plaintiffs obtaining a judgment against the insured as the very reason for including them in the coverage action – the exact scenario presented before this Court. *Id*. at 683.

Refusing to acknowledge this Circuit's jurisprudential position, CDC contends that the underlying

---

[1] *American Safety Cas. Ins. Co. v. Condor Assoc.*, 129 Fed. Appx. 540 (11th Cir. 2005); *White-Spunner Const. Inc. v. Zurich American Ins. Co.*, No. 10-0158, 2010 U.S. Dist. Lexis 90339 (S.D. Ala. August 30, 2010); *Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp.*, 09-22685, 2010 U.S. Dist. Lexis 37711 (S.D. Fla. April 16, 2010)

[2] *Mackle, et al. v. CDC Builders, Inc., et al*, Case No. 09-56362; *Bagley v. CDC Builders, Inc., et al*, Case No. 09-77493; *Deutsch v. CDC Builders, Inc., et al*, Case No. 09-72514; *Solabella Co. Ltd and Maria Zeller v. CDC Builders, Inc., et al*, Case No. 09-76853; and *Payton v. Knauf, et al*, Case No. 09-07628 MDL

2

plaintiffs do not possess a "legally protected interest" to warrant mandated inclusion under Rule 19. *See* CDC Response pg. 3. CDC's argument, however, rings hollow as this Circuit has not adopted a "legally protected interest" standard for determining whether an entity is "required" under Rule 19(a). *See Ranger.* Citing *Mt. Hawley Ins. v. Sandy Lake Prop.*, 425 F.3d 1308 (11th Cir. 2005) – a case that did not concern Rule 19 but "Intervention of Right" under Fed. R. Civ. P. 24 – CDC argues that the underlying plaintiffs merely have a financial interest in this dispute. However, this Circuit has rejected this position by expressly concluding, in an identical context, that the "[underlying plaintiffs'] interests would be prejudiced." *Ranger*, 488 F.2d at 683; *see also Capitol Specialty*, 2010 U.S. Dist. Lexis 37711 at *4 (holding that, in a declaratory judgment action between an insurer and its insured seeking a defense and indemnity determination under an insurance policy, "Florida law makes clear that [the underlying plaintiffs injured by the insured] are proper parties to th[e] suit", as they "clearly have a **present interest** in the subject matter.") (emphasis added). Neither Rule 19 nor this Circuit's authority require more than an interest in the pending litigation to be deemed a "required" party. CDC, notably, does not dispute that the underlying plaintiffs have an interest in this coverage litigation, CDC Response pg. 2. Thus, the underlying plaintiffs must be joined to prevent that interest from being affected *in absentia.* Where they cannot be joined, the matter must be dismissed.

CDC's attempt to distinguish *Capitol Specialty* on the basis of the Rule 12(b) vehicle chosen is equally unavailing. There, in agreeing with the insurer that the underlying plaintiffs had an interest and were "necessary parties" to the coverage litigation, this Court concluded that Florida law makes "clear that before any proceeding for declaratory relief is entertained, all persons who have an actual, present, adverse and antagonistic interest in the subject matter should be before the court." 2010 U.S. Dist. Lexis 37711 at *3-4. Further, despite CDC's attempt to use *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473,

3

2009 U.S. Dist. Lexis 123981 (S.D. Fla. August 7, 2009) to the contrary – a case that relied on *Mt. Hawley's* Rule 24 analysis – this Circuit has never hinted, let alone adopted, that a Rule 24 analysis should bleed into a Rule 19 analysis.[3]

Unlike the present case and *Ranger*, the absent parties in *Basdeo* were not underlying plaintiffs, and indeed, had not even been included in the underlying certified class. Conversely, here, the underlying plaintiffs' interests will be impaired if Amerisure prevails in the coverage action by eviscerating all rights the underlying plaintiffs may have under the policies – as cautioned against in *Ranger* and its progeny. Thus, CDC is required to join the underlying plaintiffs to this suit to comply with Rule 19. Since their inclusion would destroy this Court's diversity jurisdiction, the complaint should be dismissed.

Since *Ranger*, the notion that underlying claimants are necessary and indispensable parties to a coverage action has been firmly rooted. *See Condor*, 129 Fed. Appx. at 542 (Eleventh Circuit affirmed dismissal of the case for failure to include the indispensable underlying plaintiffs, re-clarifying the established law that underlying plaintiffs will be prejudiced if the case proceeded without them and concluded that it probably would have been error not to follow *Ranger*); *see also White-Spunner*, 2010 U.S. Dist. Lexis 90339 (rejecting the argument that an underlying plaintiff only possesses a financial interest by noting that a determination that an underlying plaintiff could not "intervene as a right" under Rule 24 had no impact on whether the underlying plaintiff was necessary under Rule 19). *White-Spunner*, 2010 U.S. Dist. Lexis 90339 at *19-21, recognizes *Ranger's* continued precedential value in the

---

[3] CDC also cites to *Lisseveld v. Marcus*, 173 F.R.D. 689 (M.D. Fla. 1997); *BFI Waste Systems of North America, Inc. v. Broward County, Fla.*, 209 F.R.D. 509 (S.D. Fla. 2002); *Axiom Worldwide, Inc. v. Becerra*, 2009 WL 1347398 (M.D. Fla. 2009); and *U.S. v. Janke*, 2009 WL 2525073 (S.D. Fla. 2009) for the proposition that a "legally protected interest" is the standard under a Rule 19 analysis. *BFI Waste* and *Lisseveld* did not adopt a "legally protected interest" standard for a Rule 19 analysis. And *Axiom* and *Janke* are distinguishable on their facts – neither involves coverage litigation nor presents a similar scenario as here.

4

Eleventh Circuit, holding that underlying plaintiffs are necessary and potentially indispensable in a coverage action. Particularly, *White-Spunner* is persuasive as it explained (relying on *Ranger*) that the underlying plaintiffs do indeed have an interest in a duty to defend determination because the "duty to defend bleeds into the duty to indemnify." *White-Spunner,* 2010 U.S. Dist. Lexis 90339 at *14.[4]

Finally, CDC's concerns over a "ligatory quagmire" are unwarranted, as the converse to their argument is what this Court should be more cautious of what Rule 19 seeks to avoid, i.e., piecemeal litigation and exposing insurers to multiple, contradictory, and wasteful lawsuits from numerous parties who were not made a part of the initial coverage litigation. CDC elected to bring this lawsuit, and, despite its apparent distaste for including additional, interested parties, it must do so in compliance with the law of this Circuit.  To permit otherwise promotes party and judicial waste and confusion.

This Circuit requires CDC to join the underlying plaintiffs since their interests will not only be affected or impaired but possibly eviscerated if this Court were to rule on the duty to defend issue in their absence. This Court, however, cannot maintain diversity jurisdiction and include those Florida plaintiffs in the present matter. Accordingly, Rule 19's intent and determinative factors, particularly in light of the Eleventh Circuit's law, warrant a dismissal of CDC's complaint under Rule 12(b)(7).

**WHEREFORE** AMERISURE MUTUAL INSURANCE COMPANY, respectfully requests that this Honorable Court: enter an Order granting its Combined Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(7) and 19; award Amerisure its costs associated with bringing these Motions to Dismiss; and award any and all other relief as this Court may deem just and proper.

---

[4] CDC overreaches in footnote 1 in suggesting this Court agrees that the underlying plaintiffs have no interest at the duty to defend stage. Indeed, rather than state a position, this Court merely inquired of CDC's counsel as to the nature of claimants' interest in the proceeding at the duty to defend stage. While CDC's counsel represented that the claimants have no interest at the duty to defend stage, the authority on this issue, respectfully, demonstrates to the contrary. *See White-Spunner,* 2010 U.S. Dist. Lexis 90339.

DATED this 6th day of December, 2010.

        Respectfully submitted,

        Marlow, Connell, Abrams,
        Adler, Newman & Lewis
        *Attorneys for Defendant,*
        *Amerisure Mutual Insurance Company*
        4000 Ponce de Leon Blvd., Suite 570
        Coral Gables, Florida 33146
        Tel: (305) 446-0500
        Fax:(305) 446-3667
        E-mail: jlevy@marlowconnell.com

        By:  s/Josh Levy
            Josh  Levy
            Fla. Bar Number: 668311


Co-counsel:
Donald E. Elder, Esq. (admitted *pro hac vice*)
delder@tresslerllp.com
Zhanna Plotkin, Esq. (admitted *pro hac vice*)
zplotkin@tresslerllp.com
Abraham Sandoval, Esq. (admitted *pro hac vice*)
asandoval@tresslerllp.com
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4186
Fax: (312) 627-1717
*Attorney for Defendant Amerisure Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of December, 2010, I filed the foregoing document with the Clerk of the Court via electronic filing. I also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

    Marlow, Connell, Abrams,
    Adler, Newman & Lewis
    *Attorneys for Defendant,*
    *Amerisure Mutual Insurance Company*
    4000 Ponce de Leon Blvd., Suite 570
    Coral Gables, Florida 33146
    Tel: (305) 446-0500
    Fax:(305) 446-3667
    E-mail: jlevy@marlowconnell.com

    By:   s/Josh Levy
         Josh Levy
         Fla. Bar Number: 668311

## CDC BUILDERS, INC. v. AMERISURE MUTUAL INSURANCE CO.

### Case Number: 1:10-cv-21678-ASG
### United States District Court, Southern District of Florida
### SERVICE LIST

Josh Levy, Esq.
Marlow, Connell, Abrams, Adlerm Newman & Lewis
E-mail: jlevy@marlowconnell.com
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
Tel: (305) 446-0500
Fax:(305) 446-3667
*Attorneys for Defendant, Amerisure*

Donald E. Elder, Esq.
delder@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4186
Fax: (312) 627-1717
*Attorney for Defendants, Amerisure*

Zhanna Rondel, Esq.
zrondel@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4165
Fax: (312) 627-1717
*Attorney for Defendants, Amerisure*

Abraham Sandoval, Esq.
asandoval@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4165
Fax: (312) 627-1717
Attorneys for Defendant, Amerisure

Michael J. Kurzman, Esq.
mkurzman@siegfriedlaw.com
Siegfried, Rivera, Lerner,
De La Torre & Sobel, P.A.
201 Alhambra Circle #1102
Miami, FL 33134
Tel: (305) 445-3800
Fax:(305) 448-5800
*Attorneys for Plaintiff, CDC Builders, Inc.*

B. Michael Clark, Jr., Esq.
mclark@siegfriedlaw.com
Siegfried, Rivera, Lerner,
De La Torre & Sobel, P.A.
201 Alhambra Circle #1102
Miami, FL 33134
Tel: (305) 445-3800
Fax:(305) 448-5800
*Attorneys for Plaintiff, CDC Builders, Inc.*