UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CDC BUILDERS, INC., a Florida corporation,   )
                                              )
                                              ) Case No.: 10-cv-21678-ASG
   Plaintiff,                                 )
                                              )
-vs-                                          )
                                              )
AMERISURE MUTUAL INSURANCE COMPANY,           )
                                              )
   Defendant.                                 )
_____ )

**AMERISURE MUTUAL INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF ORDER DENYING ITS MOTION TO DISMISS CDC'S COMPLAINT AND ACCOMPANYING MOTION TO STAY THE TIME FOR FILING ITS ANSWER UNTIL AFTER THE MOTION FOR RECONSIDERATION IS RESOLVED, IF NECESSARY**

Defendant, AMERISURE MUTUAL INSURANCE COMPANY (herein "Amerisure"), by and through undersigned counsel, hereby respectfully moves for reconsideration, pursuant to Fed. R. Civ. P. 54(b), of this Court's March 18, 2011 Order[1] (herein "Order") [D.E. 55] denying Amerisure's motion to dismiss CDC Builder's Inc.'s (herein "CDC") complaint pursuant to Fed. R. Civ. P. 12(b)(7) and 19, for CDC's failure to include the underlying plaintiffs[2] as required and indispensable parties. The Court's Order, as it stands, does not address Eleventh Circuit decisions holding that, in a declaratory judgment action to adjudicate liability coverage obligations, the underlying plaintiffs are required and indispensable parties to the action, and the failure to include such parties warrants dismissal of the declaratory judgment action.

---

[1] Attached hereto as Exhibit A.
[2] *Mackle, et al. v. CDC Builders, Inc., et al*, Case No. 09-56362; *Bagley v. CDC Builders, Inc., et al*, Case No. 09-77493; *Deutsch v. CDC Builders, Inc., et al*, Case No. 09-72514; *Solabella Co. Ltd and Maria Zeller v. CDC Builders, Inc., et al*, Case No. 09-76853; and *Payton v. Knauf, et al*, Case No. 09-07628 MDL.

1

Amerisure respectfully submits that the Court's Order denying Amerisure's motion to dismiss did not apply Fed. R. Civ. P. 19 and this Circuit's binding pronouncements regarding mandatory joinder, that this was error, and, if left to stand, will permit CDC to proceed with a legally deficient complaint that not only impairs the underlying claimants' interest in the policy proceeds without affording them a voice in this proceeding, but also will expose Amerisure to the prospect of piecemeal litigation and inconsistent judgments. For these reasons, and for the reasons set forth in Amerisure's supplemental reply brief, *see* exhibit B, Amerisure respectfully requests that the Court reconsider its Order denying Amerisure's motion to dismiss CDC's complaint.

### I.  Motion for Reconsideration

There are three grounds which justify the filing of a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Goldweber v. Harmony Partners, Ltd., et al*, 2011 U.S. Dist. LEXIS 26429, *2 (S.D. Fla. March 14, 2011); *see also, Corwin v. Walt Disney World Co., et al.*, 475 F.3d 1239, 1248 (11th Cir. 2007). Here, reconsideration is respectfully requested under the third prong: clear error or manifest injustice insofar as this Court did not apply or address the governing jurisprudence of this Circuit and the language of Rule 19 relevant to determining whether the underlying plaintiffs qualify as required and indispensible parties.

This Circuit is well grounded in the position that in a declaratory judgment action to adjudicate coverage obligations, the underlying plaintiffs are required parties to the declaratory action, and in cases where including the underlying plaintiffs would destroy diversity jurisdiction, those parties become indispensable under Fed. R. Civ. P. 19, warranting dismissal

2

of the action. *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1974) (the underlying claimants were indispensable to the action because, in their absence, the "claimants' interests would be prejudiced"); *Colony Nat'l Ins. Co. v. The Teaford Co. Inc.*, 2:10-CV-0028, 2010 U.S. Dist. Lexis 114152 at *7 (N.D. Ga. October 26, 2010) (relying on *Ranger*); *American Safety Cas. Ins. Co. v. Condor Assoc.*, 129 Fed. Appx. 540 (11th Cir. 2005) (relying on *Ranger*); *White-Spunner Const. Inc. v. Zurich American Ins. Co.*, No. 10-0158, 2010 U.S. Dist. Lexis 90339 (S.D. Ala. August 30, 2010) (relying on *Ranger*) *Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp.*, 09-22685, 2010 U.S. Dist. Lexis 37711 (S.D. Fla. April 16, 2010).[3]

The Court's Order does not discuss *Ranger* or its progeny, the governing law in this Circuit, which Amerisure respectfully contends should control the disposition of this issue. Rather, the Court's Order is founded upon two cases which involved a discussion of Fed. R. Civ. P. 24, intervention of right - *Mt. Hawley Ins. v. Sandy Lake Prop.*, 425 F.3d 1308 (11th Cir. 2005) and *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473, 2009 U.S. Dist. Lexis 123981 (S.D. Fla. August 7, 2009) (relying entirely on *Mt. Hawley*). This Circuit has not adopted a Rule 24 analysis as governing, or substituting for a Rule 19 analysis. *See Ranger, American Safety*. Nor does an analysis of Rules 19 and 24 evidence support such a construction. *White-Spunner Const. Inc. v. Zurich American Ins. Co.*, No. 10-0158, 2010 U.S. Dist. Lexis 90339, * 15-16 (S.D. Ala. August 30, 2010)). The Order recognizes the threshold determination for assessing required party status, (i.e., the "threshold question in a Rule 19 analysis to determine whether an action should proceed in a non-party's absence is whether complete relief can be afforded in the present

---

[3] *Ranger, American Safety, White-Spunner* and *Capitol Specialty*, attached hereto as group Exhibit C.

procedural posture, or whether the non-party's absence will impede either the non-party's protection of *an interest* at stake or subject [the] parties to a risk of inconsistent obligations") (emphasis added), but then employs a construction of "an interest" beyond that called for in Rule 19 and the Circuit's case law.

On this specific question, however, the Eleventh Circuit and its district courts have consistently held that the non-parties' interests in the policy proceeds may be prejudiced if they are not included in the coverage litigation. *Ranger*, 488 F.2d at 683; *see also Capitol Specialty*, 2010 U.S. Dist. Lexis 37711 at *4 (holding that, in a declaratory judgment action between an insurer and its insured seeking a defense and indemnity determination under an insurance policy, "Florida law makes clear that [the underlying plaintiffs injured by the insured] are proper parties to th[e] suit", as they "clearly have a *present interest* in the subject matter.") (emphasis added). Thus, the underlying plaintiffs must be joined to prevent that interest from being affected *in absentia.* Where they cannot be joined, the matter must be dismissed. CDC, therefore, is required to join the underlying plaintiffs to this suit to comply with Rule 19. Since their inclusion would destroy this Court's diversity jurisdiction, the complaint should be dismissed. As the Court's ruling, founded on *Mt. Hawley* and *Basdeo,* conflicts with *Ranger* and its progeny, Amerisure respectfully asks the Court to reconsider its Order.

The Court's Order also concludes that the "interest of the absent party must be a legally protected interest" and that underlying plaintiffs interests' here are purely speculative and therefore, are not sufficient to qualify the underlying plaintiffs as required or indispensable parties. *See* Order at pg. 8. Respectfully, nowhere in the language of Rule 19, or as it has been discussed in this Circuit, has anything beyond "an interest" that "may be impaired" been

4

required for an underlying claimant to qualify as a "required" party for purposes of mandatory joinder. *Ranger* held that in a coverage dispute between the insurer and the insured, it was "nonsensical to suggest that a declaration [without the underlying plaintiffs], in this Court, of liability or non-liability will have no practical effect upon the claimants, given the possibility (now an actuality), of their obtaining a judgment against the insureds." *Ranger*, 488 F.2d at 683. The Fifth Circuit specifically noted that prejudice to the underlying plaintiffs could not be avoided since "either a judgment might prejudice the [underlying plaintiffs], violating the first Rule 19(b) factor, or it would not be adequate to finally resolve the issue, violating the third Rule 19(b) factor." *Id.* at 684. Importantly, providing guidance on this Court's concerns over the underlying plaintiffs' potentially speculative interests, *Ranger* did not limit its reasoning to circumstances where a judgment had already been entered against the insured. Rather, that court discussed the "possibility" of underlying plaintiffs obtaining a judgment against the insured as the very reason for including them in the coverage action – the exact scenario in the case at bar. *Id.* at 683. Therefore, the fact that the underlying plaintiffs are in a position to obtain a judgment against CDC from which they may seek to satisfy from the Amerisure policy proceeds creates a sufficient interest in the present matter to qualify these parties as required and indispensable to the coverage action. CDC's failure to include the underlying plaintiffs warrants dismissal of the complaint.

The effect of the Order is to permit CDC to proceed with its litigation without all interested parties – a result the Court is empowered to prevent. Failure to join the underlying plaintiffs in the present matter may impair and possibly eviscerate the underlying plaintiffs' interests if this Court rules on the duty to defend in their absence. *White-Spunner Const. Inc. v.*


*Zurich American Ins. Co.*, No. 10-0158, 2010 U.S. Dist. Lexis 90339, *14 (S.D. Ala. August 30, 2010) ("[w]hat [the insured] overlooks is that decisions on duty to defend bleed over to the duty to indemnify", and thus the underlying claimant is a required party at the duty to defend stage). Amerisure, therefore, respectfully requests that the Order be vacated and that an order be entered granting Amerisure's motion to dismiss.

### II.   Request to Stay Filing a Responsive Pleading Until Such Time as Amerisure's Motion for Reconsideration is Resolved

Amerisure must file a responsive pleading to CDC's complaint on or before April 1, 2011. In light of Amerisure's Motion for Reconsideration of the Court's March 18, 2011 Order regarding Amerisure's motion to dismiss the complaint, Amerisure respectfully seeks a stay of the deadline for filing a responsive pleading until seven (7) days after the present motion for reconsideration is decided.

**WHEREFORE,** AMERISURE MUTUAL INSURANCE COMPANY, respectfully requests that this Honorable Court reconsider its March 18, 2011 Order denying Amerisure's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and 19 and enter an order granting same; enter an order staying Amerisure's deadline for filing a responsive pleading to CDC's complaint until seven days after Amerisure's motion for reconsideration is decided, if necessary; and for such other and further relief as this Court deems just and proper.

DATED this 29th day of March, 2011.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues by email exchange with CDC on March 28, 2011, but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

By: s/Josh Levy
Josh Levy
Fla. Bar Number: 668311
E-mail: jlevy@marlowconnell.com
Marlow, Connell, Abrams,
Adler, Newman & Lewis
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
Tel: (305) 446-0500
Fax:(305) 446-3667
*Attorneys for Defendant,*
*Amerisure Mutual Insurance Company*

Co-counsel:
Donald E. Elder, Esq. (admitted *pro hac vice*)
delder@tresslerllp.com
Zhanna Plotkin, Esq. (admitted *pro hac vice*)
zplotkin@tresslerllp.com
Abraham Sandoval, Esq. (admitted *pro hac vice*)
asandoval@tresslerllp.com
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4186
Fax: (312) 627-1717

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2011 the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Josh Levy
Josh Levy
Fla. Bar Number: 668311
E-mail: jlevy@marlowconnell.com
Marlow, Connell, Abrams,
Adler, Newman & Lewis
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
Tel: (305) 446-0500
Fax:(305) 446-3667
*Attorneys for Defendant,*
*Amerisure Mutual Insurance Company*

Co-counsel:
Donald E. Elder, Esq. (admitted *pro hac vice*)
delder@tresslerllp.com
Zhanna Plotkin, Esq. (admitted *pro hac vice*)
zplotkin@tresslerllp.com
Abraham Sandoval, Esq. (admitted *pro hac vice*)
asandoval@tresslerllp.com
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4186
Fax: (312) 627-1717

**CDC BUILDERS, INC. v. AMERISURE MUTUAL INSURANCE CO.**
**Case Number: 1:10-cv-21678-ASG**
**United States District Court, Southern District of Florida**

**SERVICE LIST**

Josh Levy, Esq.
Marlow, Connell, Abrams, Adlerm Newman & Lewis
E-mail: jlevy@marlowconnell.com
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
Tel: (305) 446-0500
Fax:(305) 446-3667
*Attorneys for Defendant, Amerisure*

Donald E. Elder, Esq.
delder@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4186
Fax: (312) 627-1717
*Attorney for Defendants, Amerisure*

Zhanna Rondel, Esq.
zrondel@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4165
Fax: (312) 627-1717
*Attorney for Defendants, Amerisure*

Abraham Sandoval, Esq.
asandoval@tresslerllp.com
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4165

Fax: (312) 627-1717
Attorneys for Defendant, Amerisure

Michael J. Kurzman, Esq.
mkurzman@siegfriedlaw.com
Siegfried, Rivera, Lerner,
De La Torre & Sobel, P.A.
201 Alhambra Circle #1102
Miami, FL  33134
Tel: (305) 445-3800
Fax:(305) 448-5800
*Attorneys for Plaintiff, CDC Builders, Inc.*

B. Michael Clark, Jr., Esq.
mclark@siegfriedlaw.com
Siegfried, Rivera, Lerner,
De La Torre & Sobel, P.A.
201 Alhambra Circle #1102
Miami, FL  33134
Tel: (305) 445-3800
Fax:(305) 448-5800
*Attorneys for Plaintiff, CDC Builders, Inc*