UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-21678-CIV-GOLD

CDC BUILDERS, INC.,

    Plaintiff,

v.

AMERISURE MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT [ECF No. 10]

**I.**    **Introduction**

THIS CAUSE is before the Court on Defendant Amerisure Mutual Insurance Company's ("Defendant" or "Amerisure") Combined Motion to Dismiss Plaintiff's Complaint for Damages and Declaratory Relief Pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(7) and 19 ("Motion") **[ECF No. 10]**. Plaintiff CDC Builders, Inc. ("Plaintiff" or "CDC") filed a Response to Amerisure's Motion to Dismiss ("Response") **[ECF No. 23]**. Defendant filed a Reply in Support of its Motion ("Reply") **[ECF No. 28]**, Notice of Filing Supplemental Authority **[ECF No. 14]** and a Second Notice of Filing Supplemental Authority in Support of Its Motion to Dismiss **[ECF No. 33]**. Defendants move to dismiss Plaintiff's Complaint on the basis that CDC failed to attach copies of the underlying complaints to its declaratory judgment complaint and name the underlying plaintiffs in its declaratory judgment complaint. I have jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367. Having considered the record, the relevant submissions, and the applicable law, I DENY the motion for the reasons set forth below.

1



II. **Factual background**[2]

A. **The parties**

CDC is a Florida corporation, with its principal place of business in Miami Dade County, Florida. **[ECF No. 1 ¶ 4]**. CDC is a General Contractor experienced in the construction of high-end residential single family homes and condominiums. *Id.* at ¶ 6. Amerisure is a Michigan corporation, with its principal place of business in Michigan, and authorized to conduct business, and conducting business, in Florida. *Id.* at ¶ 5.

B. **Bermuda Village construction**

CDC served as the General Contractor for construction of the Bermuda Village Condominiums ("Bermuda Village") in Coral Gables, Florida between 2004 and 2008. *Id.* at ¶¶ 7-9. During the course of construction, CDC was insured by Amerisure. *Id.* at ¶ 10. Amerisure issued four separate Commercial General Liability policies for the years of 2005, 2006, 2007, and 2008. *Id.* at ¶¶ 11-14.

In 2009, condominium owners from Bermuda Village notified CDC that they believed there was "Chinese Drywall" in their homes. *Id.* at ¶ 15. CDC promptly provided notice to Amerisure of the condominium owners' claim. *Id.* at ¶ 16. A number of condominium owners filed suit in Miami Dade Circuit Court, asserting that defective gypsum drywall was installed in each of their respective units. *Id.* at ¶¶ 17, 19. The owners also claim that the drywall contains and emits toxins which damage homes, fixtures, and personal property. *Id.* at ¶ 20. Specifically, the owners allege that damage occurs through: (1) eroding and/or tarnishing various metals within the units, including plumbing and interior electrical wiring; (2) disrupting and/or interfering with the operation

---

[2] For purposes of a motion to dismiss, I accept as true all factual allegations in the complaint. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

2

of electric and electronic equipment and appliances; and (3) creating a noxious rotten egg-like odor that renders the homes uninhabitable. *Id.*

### C.   Amerisure denies coverage

In response to the notices and lawsuit, Amerisure issued a "reservation of rights" letter to CDC. *Id.* at ¶ 21. Thereafter, Amerisure sent CDC correspondence dated October 9, 2009, indicating that no coverage would be provided for the homeowners' litigation or claim. *Id.* at ¶ 22. CDC also made claims to Amerisure for three other cases filed in the Miami Dade County Circuit Court (collectively "State Court Cases"), which Amerisure denied. *Id.* at ¶¶ 26-30.

Each of the plaintiffs in the four State Court Cases also joined the "Chinese Drywall Multi-District Litigation" filed in the United States District Court for the Eastern District of Louisiana ("MDL case"). *Id.* at ¶ 31. The MDL case is premised upon substantially similar factual allegations and legal theories as the State Court Cases. *Id.* at ¶ 32. CDC made a claim to Amerisure for the MDL case. *Id.* at ¶ 33. Amerisure issued a reservation of rights letter in response to CDC's submission of the MDL claim, and refused to provide a defense. *Id.* at ¶ 34.

Plaintiff alleges that: (1) the policies obligate Amerisure to pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the policies apply; and (2) pursuant to the terms of the Policies, Amerisure has a duty to defend CDC against any suit seeking those sums. *Id.* at ¶ 23. The policies provide that they apply only to "bodily injury" or "property damage if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" during the policy period. *Id.* at ¶ 24.

### D. Count I: Declaratory judgment

CDC seeks declaratory relief pursuant to 28 U.S.C. § 2201 on the basis that Amerisure is obligated to provide defense and indemnification for the Chinese Drywall Cases under the policies and has denied the right to (or failed to provide) indemnification or defense. *Id.* at ¶¶ 36-39.

### E. Count II: Breach of contract

CDC alleges that each policy is a contract which obligates Amerisure to: (1) indemnify CDC for sums it becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which one or all of the policies applied [ECF No. 1, ¶ 44] and (2) defend CDC against any suit seeking those sums [*Id.* at ¶ 45]. CDC further alleges that Amerisure has breached one or more of the policies by unequivocally denying CDC'S right to a defense or indemnification for the State Court Cases and not providing CDC a defense for the MDL case. *Id.* at ¶¶ 45-46. CDC alleges that it has been damaged by Amerisure's breach and will continue to suffer damages through the course of the Chinese Drywall Cases. *Id.* at ¶ 47.

### III. Legal standard

For purposes of a motion to dismiss, my review is "limited to the four corners of the complaint" and any documents referred to in the complaint which are central to Plaintiff's claims. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). In determining whether to grant a motion to dismiss, I must accept all factual allegations[4] in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Hoffend v. Villa*, 261 F.3d 1148, 1150 (11th Cir. 2001).

---

[4] Legal conclusions, on the other hand, need not be accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Of course, 'a formulaic recitation of the elements of a cause of action will not do.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly, supra*, 550 U.S. at 555). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

### IV.   Jurisdiction

A federal court must always determine whether it has jurisdiction to hear a case. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) ("Indeed, it is well-settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). As such, even when there is no dispute between the parties with respect to jurisdiction, federal courts have an independent duty to ensure that subject-matter jurisdiction exists. In the instant case, I exercise jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Florida, Defendant is not a citizen of Florida, and the amount-in-controversy exceeds $75,000. *See* [ECF No. 1 ¶¶ 2, 4-5].

5

**V.    Analysis**

Amerisure moves to dismiss CDC's Complaint, identifying two purported deficiencies in the complaint. *See generally* **[ECF No. 10]**. First, Amerisure moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on CDC's failure to attach copies of the underlying complaints to its declaratory judgment complaint. *Id.* at ¶ 7. Amerisure argues that the underlying complaints must be attached to the instant complaint so that "this Court can evaluate and determine the issue of whether Amerisure owes CDC a defense obligation." *Id.* at ¶ 9. Amerisure's second grounds for dismissal is based on CDC's failure to name the underlying plaintiffs in its declaratory judgment complaint pursuant to Fed. R. Civ. P. 12(b)(7) and 19. *Id.* at ¶¶ 8-9. Specifically, CDC contends that the underlying plaintiffs are necessary and essential parties to the present declaratory judgment action because their rights and interests will be affected by the Court's ruling in this matter. *Id.* at ¶ 8.

**A.    Whether the underlying complaints must be attached**

Ameriprise argues that CDC's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because CDC failed to attach copies of the underlying complaints to its declaratory judgment complaint. **[ECF No. 10, ¶¶ 7, 9]** (citing *Higgins v. State Farm Fire and Cas. Co.*, 894 So.2d 5, 19 (Fla. 2005); *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1292 (11th Cir. 2006)).[3]

---

[3] The Middle District of Florida has concluded that the Florida Supreme Court's decision in *Higgins* does not <u>always</u> require determination of whether there is a duty to defend solely on the basis of the underlying complaint. *See Homes by Deramo, Inc. v. Mid-Continent Cas. Co.*, 661 F. Supp. 2d 1281, 1288 (M.D. Fla. 2009) ("The Florida Supreme Court in *Higgins*, interpreting the declaratory judgment statute, held that an insurer's obligation to defend a claim against its insured must be determined from the allegations in the underlying complaint, except that, when the insurer argues that it has no duty to defend based on factual issues that would not normally be alleged in the

6

In a declaratory judgment action, the Middle District of Florida denied a motion to dismiss and determined that the pleadings in the underlying case were more appropriate for review upon summary judgment. *Homes by Deramo, Inc. v. Mid-Continent Cas. Co.*, 661 F. Supp. 2d 1281, 1288 (M.D. Fla. 2009). In *Homes by Deramo*, the court explained:

> This Court is not inclined to evaluate facts outside of the four corners of the complaint when considering a motion to dismiss. The Court recognizes that it may consider documents attached to or otherwise referenced in the complaint without converting the matter into a motion for summary judgment; however, to do so, the Court must first find that such documents are central to the dispute and also that such documents are uncontested. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).
>
> The Court is unable to make these determinations on the present record. Upon due consideration, the Court needs more information to determine whether coverage exists. However, such review should come at the summary judgment stage, not the motion to dismiss stage. The Court will review the entire file, particularly the pleadings in the underlying case, upon the filing of a motion for summary judgment.

CDC has attached copies of the four Amerisure policies of commercial general liability insurance in the underlying litigation to its complaint. **[ECF No. 1, Exs. A, B, C, and D]**. Moreover, CDC's complaint alleges the claims in the underlying litigation. *See* **[ECF No. 1, ¶¶ 19-20, 25-26, 32]**. I must accept all factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to Plaintiff. Accordingly, I find that the underlying complaints need not be attached to Plaintiff's complaint for declaratory relief where the underlying insurance policies are attached and Plaintiff has alleged, albeit in general terms, the claims giving rise to the underlying litigation and Defendant's denial of said coverage.

---

underlying complaint, courts may entertain a declaratory action seeking a determination of a factual issue upon which the insurer's duty to defend depends. 894 So. 2d at 10 (emphasis added)."

7

**B.   Whether the underlying plaintiffs are necessary and required parties**

1.   *Rule 19 analysis*

Rule 19 provides, in pertinent part:

(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the court determines that pursuant to Rule 19(a), the party is indispensable, but joinder of that party is not feasible, then the court must inquire whether the litigation may continue applying the factors enumerated in Rule 19(b). *Challenge Homes, Inc. v. Greater Naples Care Ctr.*, 669 F.2d 667, 669 (11th Cir. 1982). These four factors are:

(1)   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2)   the extent to which any prejudice could be lessened or avoided by:
  (A)   protective provisions in the judgment;
  (B)   shaping the relief; or
  (C)   other measures;
(3)   whether a judgment rendered in the person's absence would be adequate; and
(4)   whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The interest of the absent party must be a legally protected interest, not merely a financial interest or interest for convenience. *Special Jet Servs., Inc. v. Federal Ins. Co.*, 83 F.R.D. 596, 599 (1979). Although the Eleventh Circuit has not defined the

8

interest required by Rule 19(a)(2), it has defined it under Rule 24(a)(2), which deals with Intervention of Right. The language in the two Rules is "almost identical, and their requirements have been interpreted in an identical fashion." *Mid Continent Cas. Co. v. Basdeo*, 2009 WL 2450386 (S.D.Fla.). Non-parties would not be "entitled to intervene to secure a judgment against a financially viable company to compensate them." 2009 WL 2450386 (citing *Mt. Hawley Ins. Co v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005)). For the same reason, they are not required to be joined. A purely economic interest in recovering funds may satisfy the threshold condition of Rule 19(a)(2), but not where, as here, the interest is still contingent upon obtaining a judgment against the insured. *Basdeo, supra*, 2009 WL 2450386 at *3.

2. *Whether complete relief can be accorded among the current parties*

The threshold question in a Rule 19 analysis to determine whether an action should proceed in a non-party's absence is whether complete relief can be afforded in the present procedural posture, or whether the non-party's absence will impede either the non-party's protection of an interest at stake or subject parties to a risk of inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)-(2).

Plaintiff argues that this matter can proceed without the underlying plaintiffs because the relief requested in Plaintiff's Complaint is a declaration that Amerisure must indemnify and defend CDC pursuant to the insurance policies to which only CDC and Amerisure are parties. Plaintiff also claims damages arising from Amerisure's denial of indemnification and defense, which Plaintiff argues "have only been suffered by CDC." **[ECF No. 23, p. 7]**. Defendant fails to directly address the issue of whether complete relief may be accorded between the parties, arguing instead that "a coverage

9

determination without the underlying plaintiffs would not bind the absent parties and would likely obliterate any opportunity to be heard as to their entitlement to coverage." **[ECF No. 28, p. 8].**

       3.    *Whether the underlying plaintiffs have a sufficient interest*

In *Basdeo*, the defendant construction company moved to dismiss the complaint for failure to join an indispensable party. 2009 WL 2450386 at *1. The plaintiff had issued an insurance policy to defendant seeking declaratory relief that it was not liable for judgments obtained against the plaintiff because the plaintiff did not cooperate in handling the insurance claims. *Id.* at *2. Another defendant, an individual owner of a condominium unit, moved to dismiss the case because of the plaintiff's failure to join the other 107 owners pursuant to Fed. R. Civ. P. 19. *Id.* The individual defendant claimed that the other owners were indispensable because they shared the same interest and risked prejudice if an adverse judgment was reached in their absence. *Id.*

The court in *Basdeo* concluded that non-parties did not have a sufficient interest in the action to qualify them as necessary or indispensable parties because of a lack of interest relating to the subject of the action. 2009 WL 2450386 at *4-5. Pursuant to Fed. R. Civ. P. 19(a)(1)(B), the other 107 owners did not have a legally protectable interest because any interest derived from a purely speculative outcome in the state action, which was still pending—and not the insurance policy at issue in the action for declaratory relief. Further, the 107 owners were not parties to the insurance policy between the parties in the declaratory relief action, and had no legally protectable interest in it. The 107 unit owners' interests were contingent upon prevailing in the pending state action and therefore purely speculative.

10

In this action, CDC seeks a declaratory judgment that CDC is entitled to a defense or indemnification in connection with the underlying lawsuits. The underlying plaintiffs' interest are contingent upon prevailing against CDC in the pending state action, they are purely speculative, as in *Basdeo* and *Mt. Hawley*. Following this analysis, I conclude that the underlying plaintiffs do not have a sufficient interest in this action to qualify them as either necessary or indispensable parties. *Mt. Hawley, supra*, 425 F.3d at 1311-12. Based on this principle, CDC is not required to name the underlying plaintiffs in its declaratory judgment complaint because the underlying plaintiffs' "direct, substantial and leally protectable" interest in the subject matter is speculative upon a determination that CDC is liable in the underlying suits, and thus, remains purely economic. Accordingly, because Plaintiff is neither required to attach the underlying complaints nor join the underlying plaintiffs in this action, Defendant's Motion to Dismiss is denied.

## VI. Conclusion

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

1. Defendant Amerisure Mutual Insurance Company's Combined Motion to Dismiss Plaintiff's Complaint for Damages and Declaratory Relief Pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(7) and 19 **[ECF No. 10]** is DENIED.

2. The parties are ORDERED to carefully review my November 1, 2010 Order Setting Pretrial and Trial Dates **[ECF No. 38]** and comply forthwith.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of March, 2011.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge Chris M. McAliley
     Counsel of record