UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-21678-CIV-GOLD-GOODMAN

CDC BUILDERS, INC.,

    Plaintiff,

v.

AMERISURE MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**OMNIBUS ORDER GRANTING IN PART
DEFENDANT'S MOTION TO ABATE DISCOVERY PENDING
A RESOLUTION OF AMERISURE'S MOTION TO DISMISS [ECF No. 54];
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [ECF No. 56]**

THIS CAUSE is before the Court on Defendant Amerisure Mutual Insurance Company's ("Defendant" or "Amerisure") Motion to Abate Discovery Pending a Resolution of Amerisure's Motion to Dismiss ("Motion to Abate ") **[ECF No. 54]** and Defendant's Motion for Reconsideration of Order Denying its Motion to Dismiss CDC's Complaint **[ECF No. 56]**.

Plaintiff CDC Builders, Inc. ("Plaintiff" or "CDC") has not responded to the Motion to Abate and the time for doing so has expired. Plaintiff responded to Defendant's Motion for Reconsideration **[ECF No. 57]** and Defendant filed a Reply in support of its Motion for Reconsideration **[ECF No. 58]**.

I.    **Motion to Abate**

On May 24, 2010, Plaintiff filed its Complaint seeking a declaration that Plaintiff is entitled to a defense or indemnification in connection with five underlying lawsuits relating to "Chinese Drywall" in which there have been no judgments or settlements

entered. **[ECF No. 1]**. Consequently, an issue for determination is whether Amerisure owes a duty to defend CDC in connection with the underlying lawsuits. Defendant sets forth in its Motion to Abate that "the parties do not dispute that they possess the necessary documents to adjudicate summary judgment motions - the Amerisure policies at issue and the underlying complaints placed at issue in CDC's complaint for declaratory judgment." **[ECF No. 54, p. 6]**.

Defendant's Motion to Abate indicates that it received a request from Plaintiff to conduct discovery and contacted Plaintiff to discuss staying discovery in this matter. **[ECF No. 54 ¶¶ 12-13]**. In response, Plaintiff "suggested an abatement of all discovery pending a ruling on its forthcoming summary judgment motions." *Id.* at ¶ 14. Defendant represents that "[it] has attempted to contact CDC to further discuss and finalize a motion to abate discovery, however, CDC has been non-responsive." *Id.* at ¶ 15. Defendant seeks a stay of discovery "in an effort to avoid incurring burdens and expending resources in connection with a needless and irrelevant undertaking." *Id.* at ¶ 17. According to Defendant, "[Plaintiff] does not oppose staying discovery through summary judgment, which it represents is forthcoming." *Id.* at ¶ 19.

Defendant's certificate of good faith conference indicates that it conferred with counsel for Plaintiff "in a good faith effort to resolve the issues but have been unable to do so." **[ECF No. 54(b), p. 8]**. However, Defendant also indicates that Plaintiff does not oppose an abatement of all discovery pending a ruling on Plaintiff's forthcoming Motion for Summary Judgment. *Id.* at ¶¶ 14, 19. Furthermore, Plaintiff has not responded to the instant Motion.

2

Defendant filed its Motion on March 7, 2011, prior to the entry of my Order Denying Defendant's Motion to Dismiss on March 18, 2011. See **[ECF Nos. 54, 55]**. To the extent Defendant seeks alternate forms of relief in its Motion to Abate, such requests should be clearly and unambiguously stated. For example, despite the title of the Motion—"Motion to Abate <u>Discovery</u> Pending a Resolution of Amerisure's <u>Motion to Dismiss</u>" (emphasis added)—Defendant also suggests that "the relief sought is to stay <u>all dates</u> set forth in the Court's Pretrial Order **[ECF No. 38]**, save the recently extended mediation date." **[ECF No. 54, fn. 1]** (emphasis added). Defendant simultaneously indicates that "[w]hile the stay herein is sought through resolution of the pending motion to dismiss, <u>both parties agree</u> that if this matter survives the pending motion to dismiss the only ripe issues before the Court should be resolved via summary judgment, and that <u>discovery should be abated through disposition of that motion</u>." *Id*. at fn. 2 (emphasis added).

Accordingly, the Motion fails to distinguish whether the parties (or Defendant) seek a stay of discovery deadlines only and/or "all dates set forth in the Court's Pretrial Order." Moreover, it is especially unclear why the parties could not reach an agreement as set forth in Defendant's certificate of good faith conference. Not only has Plaintiff failed to respond to the Motion, but Defendant represents that "CDC does not oppose staying discovery through summary judgment, which it represents is forthcoming." *Id*. at ¶ 19. For these reasons, I GRANT IN PART Defendant's Motion to Abate Discovery and stay all expert and non-expert discovery pending a ruling on the parties' Motions for Summary Judgment.

II. **Motion for Reconsideration**

Amerisure states that it moves for reconsideration pursuant to Rule 54(b). **[ECF No. 56, p. 1]**. Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and <u>may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities</u>." Fed. R. Civ. P. 54(b) (emphasis added).

"Rule 54(b) does not set forth the specific grounds for revision, but a district court has the inherent power to reconsider and revise its orders in the interests of justice." *Delta Health Group, Inc. v. United States HHS*, 459 F. Supp. 2d 1207, 1227 (N.D. Fla. 2006) (citations omitted). However, courts within this Circuit have recognized that:

> Ordinarily, rulings on the pleadings that do not terminate the action by entry of judgment for Plaintiff or Defendant are not final. Orders denying motions to dismiss are not final, and this general rule applies to motions based on the pleadings. . . denial of the motion to dismiss for failure to join an indispensable party is presently unreviewable and must await a decision on the merits, because the order is a non-final order . . . .

*In re West Coast Computer Services, Inc.*, 6 B.R. 330, 333 (Bankr. M.D. Fla. 1980).

Though Amerisure claims it moves for reconsideration pursuant to Rule 54(b), it cites three grounds for a motion for reconsideration **[ECF No. 56, p. 2]** which are factors in a Rule 59(e) motion for reconsideration. *See Williams v. Cruise Ships Catering & Serv. Int'l*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) and 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4478 (1981)). Amerisure argues that Eleventh Circuit decisions hold that the underlying plaintiffs are required and

4

indispensable parties, and failure to include such parties warrants dismissal of the instant declaratory judgment action.

In reviewing a motion to reconsider, courts "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." *Prudential Securities, Inc. v. Emerson,* 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting *American Home Assurance, Co. v. Glenn Estess & Assoc. Inc.,* 763 F.2d 1237, 1239 n.2 (11th Cir. 1985)). It is well-established that a party should not use a motion for reconsideration to reiterate arguments already made or to ask courts to "rethink what the Court . . . already thought through." *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Here, Defendant seeks reconsideration based on the final prong commonly analyzed in a Rule 59(e) motion for reconsideration, clear error or manifest injustice. However, Defendant simply reiterates the same points regarding necessary and indispensable parties that Defendant already presented in its original briefing on its Motion to Dismiss, citing the same cases addressed in the original Motion to Dismiss. These arguments were carefully analyzed and rejected in the order denying Defendant's Motion to Dismiss. *See* **[ECF No. 55]**.

Further, the parties have each filed Motions for Summary Judgment which may be dispositive of this case. *See Vintilla v. United States,* 931 F.2d 1444, 1447 (11th Cir. 1991) (law of the case doctrine had no application to district court's denial of motion to dismiss, which ruling was not a final judgment, such that court was free to reconsider its

ruling at the summary judgment stage). Accordingly, there is no basis for reconsideration of the Order and Defendant's Motion for Reconsideration is DENIED.

Having considered the Motions, record, relevant submissions, and applicable law, it is hereby

ORDERED AND ADJUDGED that:

1. Defendant Amerisure Mutual Insurance Company's Motion to Abate Discovery Pending a Resolution of Amerisure's Motion to Dismiss **[ECF No. 54]** is GRANTED IN PART.

2. Defendant's Motion for Reconsideration of Order Denying its Motion to Dismiss CDC's Complaint **[ECF No. 56]** is DENIED.

3. All discovery, expert and non-expert, in this matter is STAYED pending a ruling on the parties' Motions for Summary Judgment. All other dates and requirements in the November 1, 2010 Order Setting Pretrial and Trial Dates **[ECF No. 38]** and Order Granting Defendant's Emergency Motion **[ECF No. 51]** not revised herein, or by court order, shall remain in full force and effect.

4. The parties are ORDERED to carefully review the November 1, 2010 Order Setting Pretrial and Trial Dates **[ECF No. 38]** and Order Granting Defendant's Emergency Motion **[ECF No. 51]** and comply forthwith.

5. All parties are ORDERED to carefully review S.D. Fla. Local Rule 7.1(a)(3), which states in pertinent part: "Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by

agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute."

DONE AND ORDERED in Chambers at Miami, Florida, this \_\_\_13\_\_ day of July, 2011.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Jonathan Goodman
Counsel of record